**TRUSTEE OF JARTRAN, INC., Plaintiff,**

v.

**WINSTON & STRAWN, Defendant.**

No. 96 C 8060.

United States District Court,
N.D. Illinois,
Eastern Division.

May 12, 1997.

Gerald Franklin Munitz, Winston & Strawn, Chicago, IL, for appellant.

Louis W. Levit, Ross & Hardies, P.C., Chicago, IL, for appellee.

### OPINION AND ORDER

NORGLE, District Judge.

After the bankruptcy court denied Winston & Strawn's ("W & S") motion for summary judgment in its favor, W & S moved the bankruptcy court to enter summary judgment against it and in favor of the Trustee of Jartran, Inc. ("Trustee"). Bankruptcy Judge Schwartz denied W & S's extraordinary motion for summary judgment against it and in favor of the Trustee.

Before the court is W & S's Motion for Leave to Appeal Bankruptcy Judge Schwartz's denial of its motion for summary judgment against it and in favor of the Trustee as an interlocutory order or, alternatively, as a collateral order. For the following reasons, W & S's motion for leave to appeal is denied.

### I.

Plaintiff, Trustee of Jartran, Inc. ("Trustee"), filed a preference action against the Defendant, Winston & Strawn ("W & S") W & S represented Jartran, Inc. ("Jartran") in an unrelated matter. Jartran remitted payments totaling $2,981,117 to W & S for its legal representation. Because Jartran paid W & S within ninety days of Jartran's filing for bankruptcy, the Trustee brought the instant action, claiming that the payments are recoverable as a voidable preference under 11 U.S.C. § 547(b).

Citing *In re Grabill*, 135 B.R. 101, 107 (Bkrtcy.N.D.Ill.1991) (citations omitted), the bankruptcy court stated that, in order to establish a voidable preference under § 547(b), the Trustee must prove the following:

(1) [Jartran's] interest in property was transferred to or for the benefit of W & S, a creditor;

(2) the transfer was made for or on account of an antecedent debt;

(3) the transfer was made while [Jartran] was insolvent;

(4) the transfer was made within 90 days of filing [for bankruptcy]; and

(5) the transfer enabled W & S to receive more that it would have received if the transferred property had remained in the bankruptcy estate and was distributed under Chapter 7.

*In re Jartran, Inc.*, No. 86 B 3691, slip op. at 6 (N.D.Ill. Aug. 26, 1996). W & S concedes elements two through five. The only issue it raises relates to the first element: whether Jartran had a property interest in the funds used to pay W & S. *Id.* at 7.

W & S filed a motion for summary judgment, in the bankruptcy court, seeking a determination that Jartran never had a property interest in the funds. In W & S's motion, W & S argued that Jartran's parent company, Frank B. Hall & Co. ("Hall"), "earmarked" the funds transferred to Jartran for the specific purpose of paying W & S, and that such a transfer is not a voidable preference under the "earmarking doctrine." *Id.* The bankruptcy court acknowledged that a debtor has no property interest in earmarked property and that, therefore, earmarked property is not a voidable preference. *Id.* at 9.

However, citing *Matter of Smith*, 966 F.2d 1527, 1533 (7th Cir.1992), the bankruptcy

court opined that, in order for the funds at issue to be deemed earmarked, W & S must show (1) that Jartran never exercised control over the funds, and (2) that Jartran's property was not diminished by the transfer. *Id.* Based on the evidence presented with W & S's motion, the bankruptcy court held that "the earmarking doctrine is not available to W & S because [Jartran] had sole and absolute control over the Funds in the Bank Account." *Id.* at 12. Therefore, the bankruptcy court denied W & S's motion for summary judgment. *Id.*

Thereafter, W & S undertook a concededly extraordinary act and moved the bankruptcy court to enter a summary judgment against it and in favor of the Trustee.[1] (Tr. at 4.) W & S argued that the bankruptcy court's previous order, holding that Jartran had sole and absolute control over the funds used to pay W & S, established that Jartran had a property interest in the funds. *See id.* W & S further argued that, because W & S admitted all of the remaining elements for a voidable preference and had no further evidence to present in support of its earmarking defense, the bankruptcy court's previous order eliminated W & S's only viable defense. *Id.* Hence, W & S argued that the bankruptcy court should enter summary judgment in favor of the Trustee. *Id.* at 2.

Nevertheless, the bankruptcy court orally denied W & S's motion for summary judgment in favor of the Trustee, and remarked that there would be a trial and that W & S had the right to present its evidence. *Id.* at 4. W & S, however, continues to argue that there is no additional evidence in support of its defense. Consequently, W & S moves the court for leave to appeal the bankruptcy court's order which denied W & S's motion for summary judgment in favor of the Trustee under 28 U.S.C. § 158(a)(3) or, alternatively, the "collateral order doctrine."

## II.

■ Certification by the bankruptcy court is not required for the district court to have jurisdiction under 28 U.S.C. § 158(a)(3) over the bankruptcy court's rulings. *In re Jartran, Inc.,* 886 F.2d 859, 866 (7th Cir. 1989). The Bankruptcy Code provides that interlocutory orders from the bankruptcy court may be reviewed with leave of the district court sitting in its appellate jurisdiction. *See* 28 U.S.C. § 158(a)(3). The district court has broad discretion in determining whether to exercise jurisdiction over interlocutory appeals from the bankruptcy court. *Id.*

■ Although the Bankruptcy Code does not provide any guidance for the district court in determining when an interlocutory appeal is appropriate, the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the court of appeals, is instructive on the issue. *In re Capen Wholesale, Inc.,* 184 B.R. 547, 549 (N.D.Ill.1995). Courts applying the standard set forth under § 1292(b) in bankruptcy appeals have adopted its three part test. Under the three part test, an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *In re Capen Wholesale, Inc.,* 184 B.R. at 549. In considering W & S's motion for leave to appeal the bankruptcy court's interlocutory order under 28 U.S.C. § 158(a)(3), the court adopts the three part test under § 1292(b).

■ W & S argues that this appeal presents the following controlling question of law: "when a court has unequivocally ruled that one of the essential elements of a party's only defense cannot be met, is the court then obliged to enter judgment so as to allow an appeal to move forward." Regarding the first element of the *Capen Wholesale* test, a question of law is controlling if its resolution is quite likely to affect the outcome or the

---

1. The record does not indicate why the Trustee has opposed W & S's motion for summary judgment in favor of the Trustee or why the Trustee has not filed its own motion for summary judgment in its favor.

further course of litigation, even if it is not certain to do so. *Sokaogon Gaming Enters. Corp. v. Tushie–Montgomery Assoc.*, 86 F.3d 656, 659 (7th Cir.1996). Even assuming that the appeal involves a controlling question of law, W & S has not satisfied the other two elements of the test.

■■■ Regarding the second element of the *Capen Wholesale* test, W & S must demonstrate that a "substantial likelihood" exists that the interlocutory order will be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1996 WL 732834, at *2 (N.D.Ill.1996). It is widely acknowledged that courts have the power to enter a summary judgment in favor of a nonmovant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Goldstein v. Fidelity & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir.1996). However, the grant of such power does not compel its exercise. The court knows of no authority, and W & S has not cited any, which holds that courts must grant summary judgment to a party who has not sought it. Consequently, it was in the bankruptcy court's sole discretion to deny W & S's motion for summary judgment in favor of the Trustee. Since it is unlikely that the bankruptcy court abused its discretion, it is unlikely that the bankruptcy court's order will be reversed on appeal. Therefore, there is no substantial ground for difference in opinion.

■■■ Finally, regarding the last element of the *Capen Wholesale* test, an immediate appeal is more likely to delay litigation than materially advance the ultimate termination of this case. In order to prevail on appeal, W & S would have to meet the high standard of establishing that the bankruptcy court abused its discretion when refusing to grant summary judgment in favor of the Trustee. Since it is unlikely that W & S will meet that standard, an appeal is unlikely to advance the termination of this litigation.

Further, even if the court grants W & S's motion, finds that the bankruptcy court abused its discretion, and enters a summary judgment in favor of the Trustee, there is nothing to be gained. If summary judgment is granted in the Trustee's favor, W & S will immediately appeal that granting of summary judgment. That granting of summary judgment will be either upheld or denied on appeal, depending upon how the reviewing courts assess the merits of W & S's earmarking defense. Assuming the reviewing courts find that W & S's earmarking defense is applicable, the matter will be remanded for trial. On remand, W & S will have to present evidence in support of its defense.

During the bankruptcy court's oral ruling on W & S's motion for summary judgment in favor of the Trustee, the bankruptcy court already invited W & S to present its evidence again. (Tr. at 3–4.) Moreover, the bankruptcy court indicated that it would reconsider whether W & S's evidence at trial proves its earmarking defense. *Id.* at 4. Thus, W & S may well have to go to trial on its earmarking defense regardless of whether the court grants its motion. Consequently, W & S has not demonstrated that anything can be gained from delaying trial with an interlocutory appeal. Therefore, W & S has not met the *Capen Wholesale* test and the court denies W & S's motion for leave to appeal under 28 U.S.C. § 158(a)(3).

■■■ Alternatively, W & S argues that the bankruptcy court's order, denying W & S's motion for summary judgment in favor of the Trustee, may be reviewed by the court under the "collateral order" exception to the finality doctrine set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The collateral order exception applies to orders: (1) that conclusively determine a disputed question; (2) that is entirely separate from the merits of the action; (3) are effectively unreviewable on appeal from a final judgment; and (4) are too important to be denied review, *Quackenbush v. Allstate Ins. Co.*, — U.S. —, — – —, 116 S.Ct. 1712, 1718–19, 135 L.Ed.2d 1 (1996) (citations omitted).

■■■ The collateral order exception to the finality rule is only appropriate for a

small class of prejudgment orders that finally determine claims of right (e.g., immunity, privilege, etc.) "which [are] not an ingredient of the cause of action and does not require consideration with it." *Cohen,* at 546–7, 69 S.Ct. at 1226. The bankruptcy court's refusal to grant W & S's extraordinary motion for summary judgment in favor of the Trustee did not finally determine a claim of right of either W & S or the Trustee. The order determined the substantive issue of whether a summary judgment in favor of a nonmovant was warranted. Further, the order was not collateral to the merits; the bankruptcy court considered the merits in order to resolve the issue. Hence, the order is not reviewable under the collateral order doctrine.

### III.

As W & S concedes, federal courts do not favor piecemeal appeals for reasons of efficiency and economy. Whatever the wisdom of the bankruptcy court's decision to deny W & S's extraordinary motion for summary judgment against it and in favor of the Trustee, it was a decision that justifies neither invocation of an interlocutory appeal nor application of the collateral order doctrine. Therefore, W & S's motion for leave to appeal the underlying bankruptcy order is denied.

IT IS SO ORDERED.